UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>         Plaintiff,<br><br>v.<br><br>B. SELF; G. STRATTON; K.J. ALLEN; M. VOONG; JOHN DOES 1-6,<br><br>         Defendants. | Case No.: 3:15-cv-02300-AJB-JMA<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

**I. Procedural History**

On October 13, 2015, Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), filed a civil rights action pursuant to 28 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff filed certified copies of his inmate trust account statements which the Court liberally construed as a request to proceed *in forma pauperis* ("IFP"). (ECF Nos. 2, 3.) The Court granted Plaintiff IFP status and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (ECF No. 4.) Plaintiff was granted

leave to file an amended pleading. (*Id.*)

Plaintiff then filed two motions for extension of time to file his amended pleading, along with a motion to appoint counsel. (ECF Nos. 6, 8.) On March 21, 2016, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 9.) However, once again, the Court found that Plaintiff failed to state a claim and dismissed his FAC but he was given leave to file an amended complaint. (ECF No. 10.) Plaintiff then filed another motion for extension of time, as well as another motion for appointment of counsel. (ECF Nos. 12, 15.) The Court denied Plaintiff's request for counsel but granted him an extension of time to file his amended pleading. (ECF Nos. 13, 16.) On July 22, 2016, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 17.)

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. **42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

C. **Property claims**

Plaintiff argues that prison officials are depriving him of the right to due process by charging his trust account for photocopies and other debts. (*See* SAC at 5-8.) However, where a plaintiff alleges to have been deprived of a of property interest caused by the unauthorized negligent or intentional acts of state officials, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533

(1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, because Plaintiff appears to challenge several deprivations of funds from his trust account, the CTCA provides him with an adequate state post-deprivation remedy, and these claims may not proceed in a § 1983 action. *Id*.

### C. Due Process claims

Plaintiff seeks to hold Defendants liable for the manner in which they processed and responded to his administrative grievances. To the extent Plaintiff intends to base a claim on Defendants' failure to follow state law or prison regulations governing inmate appeals as set forth in Cal. Code Regs., tit. 15 § 3084, et seq., such violations cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right. *See Davis v. Scherer*, 468 U.S. 183, 192 (1984). There is no independent cause of action under § 1983 for a violation of Title 15 regulations. *See, e.g., Chappell v. Newbarth*, 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Parra v. Hernandez*, 2009 WL 3818376, at 2, 8 (S.D. Cal. Nov. 13, 2009) (same). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997).

In addition, while the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the

1  government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

The Ninth Circuit has held that prisoners have no protected property interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. *Mann*, 855 F.2d at 640. *See also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991).

Plaintiff has failed to plead facts sufficient to show that any Defendant prison official deprived him of a protected liberty interest by allegedly failing to respond to any particular prison grievance in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff pleads insufficient facts that would demonstrate how Defendants' allegedly inadequate review or failure to consider inmate grievances restrained his freedom in any way, or subjected him to any "atypical" and "significant hardship." *Id.* at 483-84.   Plaintiff claims that he has not been able to purchase items from the canteen, as well as being unable to "enjoy buying items from outside catalogs not found in institution canteen."  (SAC at 8.)  However, there is no constitutional right to canteen items.  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

Thus, the Court finds that Plaintiff's due process allegations also fail to support a plausible claim upon which relief may be granted and therefore, must be dismissed

pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

### D.     Access to Courts

Plaintiff also maintains that Defendants have "interfered with my access to courts guarantee." (SAC at 9.) Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Here, Plaintiff's only claims are that he has "fallen behind" in litigating his habeas corpus petition and several § 1983 actions that he has brought. (SAC at 9.) Plaintiff's SAC fails to allege facts which sufficiently address the underlying claims he is bringing in those actions and how the Defendants actions have resulted in an "actual injury" required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Thus, because Plaintiff has failed to allege facts sufficient to show that Plaintiff suffered any "actual injury" with respect to any of those actions, or any other non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted.

### E.     Telephone access

Plaintiff also argues that his "First Amendment right to telephone calls" is being violated because his family has to pay money to receive phone calls from him. (SAC at 10.) "Although prisoners have a First Amendment right to telephone access, this right is subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system." *Johnson v. State of California*, 207 F.3d 650, 656 (9th Cir. 2000) (citation omitted.) In *Johnson*, the Ninth Circuit stated "there is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls." *Id.* Accordingly, the Court dismisses Plaintiff's allegations for failing to state a claim upon which relief may be granted.

For all the above stated reasons, the Court finds that Plaintiff's Second Amended Complaint fails to state a plausible claim for relief under § 1983, and must be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because the Court finds Plaintiff's claims "could not possibly be cured by the allegation of other facts," *see Williams v. California*, 764 F.3d 1002, 1018 (9th Cir. 2014) (quoting *Lopez*, 203 F.3d at 1127), leave to amend is denied as futile. *Carrico v. City & Cnty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (court may dismiss a complaint without leave to amend if "amendment would be futile.").

**IIII. Conclusion and Order**

Good cause appearing, the Court:

**DISMISSES** this civil action without leave to amend based on Plaintiff's failure to state a claim upon which relief can be granted and pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated:  August 19, 2016

_____
Hon. Anthony J. Battaglia
United States District Judge