UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>                    Plaintiff,<br><br>    vs.<br><br>B. SELF, et al.,<br><br>                    Defendants. | Case No.:  3:16-cv-02300-AJB-JMA<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO**<br>**Fed. R. Civ. P. 59(e);**<br><br>**2) GRANTING EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>**AND**<br><br>**3) GRANTING REQUEST FOR COPY OF SECOND AMENDED COMPLAINT** |

Raul Arellano, Jr., ("Plaintiff") proceeding pro se and in forma pauperis ("IFP"), has filed a motion to alter or amend this Court's August 22, 2016 Order and Judgment dismissing this civil action for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) (ECF Nos. 18, 21).

## I. Procedural History

On October 13, 2015, Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), filed a civil rights action pursuant to 28 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff filed certified copies of his inmate trust account statements which the Court liberally construed as a request to proceed *in forma pauperis* ("IFP"). (ECF Nos. 2, 3.) The Court granted Plaintiff IFP status and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (ECF No. 4.) Plaintiff was granted leave to file an amended pleading. (*Id.*)

Plaintiff then filed two motions for extension of time to file his amended pleading, along with a motion to appoint counsel. (ECF Nos. 6, 8.) On March 21, 2016, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 9.) However, once again, the Court found that Plaintiff failed to state a claim and dismissed his FAC but he was given leave to file an amended complaint. (ECF No. 10.) Plaintiff then filed another motion for extension of time, as well as another motion for appointment of counsel. (ECF Nos. 12, 15.) The Court denied Plaintiff's request for counsel but granted him an extension of time to file his amended pleading. (ECF Nos. 13, 16.) On July 22, 2016, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 17.) However, Plaintiff continued to fail to state a claim upon which relief could be granted and the Court dismissed his SAC without leave to amend. (ECF No. 18.) The matter was deemed closed and judgment was entered. (ECF No. 19.)

On September 16, 2016[1], Plaintiff filed this motion in which he requests that that the Court "reconsider the merits of the [SAC], to reinstate the [SAC], allow to amend a 3rd

---

[1] While Plaintiff's Motion was received by the Clerk of Court on September 29, 2016, it is considered "filed" as of September 16, 2016 –the date Plaintiff's proof of service indicates he delivered them to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988)

Amended Complaint, if all options fail, then I would like to get permission to appeal to the 9th Cir." (Pl.'s Mot. at 1.)

## II. Plaintiff's Motion to Alter or Amend Judgment

Plaintiff has filed a Motion seeking to alter or amend its judgment (ECF No. 21.) First, Plaintiff argues in his Motion that he does not have a copy of his SAC and therefore, he cannot "agree or disagree with the dismissal of his SAC." (Pl.'s Mot. at 1.) Plaintiff contends he needs a copy of his SAC to file an appeal with the Ninth Circuit and the Court also construes Plaintiff's Motion as a request for extension of time to file an appeal.

In addition, Plaintiff seeks reconsideration by this Court of the dismissal by asking that this Court "allow a 3rd Amended Complaint so I can have time to state facts on how the Due Process claim does state a claim." (Pl.'s Mot. at 2.) Plaintiff argues that the Court was mistaken when the due process claim was dismissed because he is able to show that he has been "subjected to 'atypical and significant hardship'" as a result of the Defendants' alleged actions. (*Id.*)

## III. Standard of Review

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

1    Plaintiff's Motion does not seek reconsideration based on newly discovered
2    evidence or any intervening change in controlling law. *See Ybarra*, 656 F.3d at 998.
3    Instead, Plaintiff appears to seek reconsideration on grounds that the Court committed
4    "clear error" when it dismissed his SAC pursuant to 28 U.S.C. § 1915(e)(2) and that
5    therefore, its decision was "manifestly unjust." *Id.*

6    In Plaintiff's SAC, he alleged that prison officials were garnishing all the money that
7    his family was depositing into his trust account which made it impossible for him to pay
8    any money towards his $10,000 restitution. (*See* SAC at 6-7.) Plaintiff also claimed that
9    he was denied his "privilege to spend my money" at the prison canteen. (*Id.* at 8.) In his
10   Motion, Plaintiff admits that "there is not right for an inmate to be able to buy at canteen,"
11   but this Court "never addressed the fact that inmates have the right for a trust account to be
12   established which incarcerated for many uses besides canteen." (Pl.'s Mot. at 2.) Plaintiff
13   contends that he would like to send money to the "telephone company" in order to be "able
14   to call lawyers, experts regarding my habeas corpus of my criminal conviction issues," and
15   to "be able to make copies of case laws at law library." (*Id.*) These are not allegations
16   contained in Plaintiff's SAC. In his SAC, he wanted to cover the costs that his family
17   would incur if they accepted his calls from prison. (*See* SAC at 10.)

18   In the August 22, 2016 Order, to the extent that Plaintiff was alleging that prison
19   officials were wrongfully withdrawing money from his trust account to pay for photocopies
20   and other items, the Court made clear that he could not bring this claim for deprivation of
21   a property interest caused by the unauthorized negligent or intentional acts of state officials.
22   (*See* Aug. 22, 2016 Order at 3-4.) This is because he cannot state a constitutional claim
23   where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494
24   U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort
25   Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random
26   and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.
27   1994). Thus, because Plaintiff challenged the deprivation of funds from his trust account,
28   and continues to do so, the CTCA provides him with an adequate state post-deprivation

remedy, and these claims may not proceed in a § 1983 action. *Id*. Plaintiff has not alleged that he ever attempted to pursue a CTCA claim regarding these claims that his trust fund money was improperly withdrawn from his account.

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-CV-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016).

Here, Plaintiff's Motion to Alter or Amend does not demonstrate that this Court disregarded, misapplied, or failed to recognize any controlling precedent when it dismissed his SAC without further leave to amend. *Id.*  Thus, because Plaintiff has failed to offer any valid basis upon which the Court might find its August 22, 2016 Order and Judgment of dismissal was erroneous or manifestly unjust, relief is not warranted under FED. R. CIV. P. 59(e).

### IV. Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motion to Alter or Amend Judgment pursuant to FED. R. CIV. P. 59(e) (ECF No. 21);

   2)  **GRANTS** Plaintiff's timely Motion for Extension of Time to file a Notice of Appeal pursuant to Fed.R.App.P. 4(a)(5). Plaintiff must file his Notice of Appeal no later than fourteen (14) days from the date that this order is entered.

   3)  **DIRECTS** the Clerk of Court to mail a copy of the Second Amended Complaint (ECF No. 17) to Plaintiff. The Clerk of Court is directed to also terminate this action and to accept no further filings, except a Notice of Appeal, for filing in this case.

   **IT IS SO ORDERED**.

Dated: November 14, 2016

                Hon. Anthony J. Battaglia
                United States District Judge