UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                              Plaintiff,<br>v.<br>R. OLSON,<br>                             Defendant. | Case No.: 15cv2300-AJB-LL<br><br>**REPORT AND RECOMMENDATION FOR ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (2) DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF No. 57]** |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. Currently before the Court are Defendant's Motion for Summary Judgment [ECF No. 57 ("Mot.")], Plaintiff's Opposition [ECF No. 61 ("Opp,")], Defendants' Reply [ECF No. 63 ("Reply")], and Plaintiff's Sur-Reply [ECF No. 67 ("Sur-Reply")]. For the following reasons, the Court **RECOMMENDS** Defendant's Motion for Summary Judgment be **GRANTED.**

## PROCEDURAL BACKGROUND

On October 13, 2015, Plaintiff Raul Arellano, a state prisoner proceeding *pro se* commenced this action under the Civil Rights Act, 42 U.S.C. § 1983. ECF No. 1. On

October 13, 2015 and November 24, 2015, Plaintiff filed certified copies of his inmate trust account statements which the Court liberally construed as a request to proceed *in forma pauperis* ("IFP"). ECF Nos. 2, 3.

On February 3, 2016, the Court granted Plaintiff IFP status and *sua sponte* dismissed Plaintiff's Complaint for failing to state a claim upon which relief may be granted. See ECF No. 4.

On March 21, 2016, Plaintiff filed a First Amended Complaint. ECF No. 9. On May 2, 2016, the Court dismissed Plaintiff's First Amended Complaint again for failing to state a claim upon which relief may be granted. See ECF No. 10.

On July 22, 2016, Plaintiff filed a Second Amended Complaint. ECF No. 17. On August 22, 2016, the Court dismissed Plaintiff's Second Amended Complaint for failing to state a claim upon which relief may be granted without leave to amend.

On December 1, 2016, Plaintiff appealed the Court's Order to the United States Court of Appeals for the Ninth Circuit. ECF No. 24. On February 20, 2018, the Ninth Circuit affirmed the Court's Order with the exception of Plaintiff's retaliation claim against Defendant Olson. ECF No. 37 at 4-5.

On January 24, 2019, Defendant filed a Motion for Summary Judgment and the Court issued a *Klingele* Notice and Scheduling Order. ECF Nos. 57, 58. On March 21, 2019, Plaintiff filed a Response to Defendant's Motion for Summary Judgment. ECF No. 61. On April 2, 2019, Defendant filed a Reply. ECF No. 63. On April 5, 2019, Plaintiff submitted a Sur-Reply that was received by the Court on April 9, 2019 and accepted on discrepancy on April 11, 2019. ECF Nos. 66, 67.

## FACTUAL BACKGROUND

I. **Debits to Plaintiff's Inmate Trust Account**

This action arises out of events occurring on or about January through December 2014 at R.J. Donovan Correctional Facility ("RJD") in San Diego, California.

On January 2, 2014, fifty dollars was deposited into Plaintiff's inmate trust account and twenty-two dollars and fifty cents in copy charges were deducted. ECF No. 57-3 at 6.

2

On February 16, 2014, another fifty dollars was deposited into Plaintiff's account and twenty-two dollars and fifty cents in copy charges was again deducted. Id. On March 25, 2014, sixty dollars was deposited into Plaintiff's account and twenty-seven dollars in copy charges was deducted. Id. at 6-7. Plaintiff alleges the copy charges were improperly debited from his account because he was indigent at the time they were made. ECF No. 17 at 15.

## II. Plaintiff's First Grievance (Number 14-1338)

On April 1, 2014, Plaintiff submitted grievance number 14-1388, asserting that the January 2, February 15, and March 25, 2014 copy charge debited from his account were improper because the charges had been made when he was indigent. ECF No. 57-3 at 12.

On April 17, 2014, Defendant—an appeals coordinator at RJD during the relevant time period—rejected Plaintiff's grievance at a first level of review on the grounds that the appeal involved "multiple issues that do not derive from a single event, or are not directly related and cannot be reasonably addressed in a single response" and directed Plaintiff to "delete the allegations of the occurrences which took place more than 30 days prior to the date you submitted this appeal[.]" ECF No. 57-3 at 17.

## III. Plaintiff's Second Grievance (Number 14-1491)

On April 17, 2014, Plaintiff submitted a new grievance numbered 14-1491. ECF No. 61 at 33-34. In his second grievance, Plaintiff again asserted the January 2, February 15, and March 25, 2014 copy charges were improperly debited from his account. Id. at 33. In addressing the rejection of his first grievance, Plaintiff argued that: (1) the three copy charge debits should be addressed in a single grievance; and (2) he should not have been time-barred from asserting his claims on the January 2 and February 15, 2014 copy charges (despite the thirty-day limit for filing grievances) because he had only received notice of these charges after requesting a copy of his trust account report—which he allegedly received sometime in the thirty days prior to submitting his first grievance. Id. at 33-34.

On April 25, 2014, Defendant rejected Plaintiff's second grievance at a first level of review on the grounds that: (1) the "appeal issue" was "obscured by pointless verbiage, or voluminous unrelated documentation" so that the issue under review could not be

3

identified; and (2) the appeal involved "multiple issues" and directed Plaintiff to delete the allegations of occurrences taking place more than thirty days prior to the date the appeal was submitted. Id. at 24-25.

### IV. Cancellation of Plaintiff's First and Second Grievances (Numbers 14-1339 and 14-1491)

On May 7, 2014, Plaintiff's first and second grievances (numbers 14-1338 and 14-1491) were canceled by Defendant on the grounds that Plaintiff was "previously instructed twice to delete allegations" taking place more than thirty days prior to the date the appeal was submitted. Id. at 27.

### V. Plaintiff's Third Grievance (Number 14-1742)

On May 8, 2014, Plaintiff submitted a new grievance numbered 14-1742 regarding the cancellation of his first and second grievances (14-1339 and 14-1491). Id. at 29. Plaintiff reiterated his claims directed to the copy charges and explained his reasoning for filing a single grievance on all three copy charges:

> Because if I appealed them separately you guys were going to denied them base that the 2 issues were from dates over 30 days. So what I did was file the 1491 [second grievance] alleging to take my 3 issues together in one 602 because although my other 2 issues were from dates over the 30 day limitation to appeal it still should not be bar because I got to find out the error of such money been i[l]legally withdrawn about the same date of the only 1 issue you guys were accepting that occurred within the 30 days.

Id. at 31.

In his third grievance, Plaintiff requested review of the cancellation of his first and second grievances and clarification regarding when the thirty-day limitation began: "Is it when the money got taken out, or when I receive knowledge of the money be[ing] taken out?" Id.

///

///

### a. First Level Review of Plaintiff's Third Grievance

On May 13, 2014, Plaintiff's third grievance was rejected by Defendant at the first level of review on the grounds that the appeal involved "multiple issues." Id. at 34. In the appeal, Defendant advised Plaintiff he could "only appeal one cancelled appeal at a time." Id.

### b. Second Level Review of Plaintiff's Third Grievance

On June 19, 2014, Plaintiff's third grievance was rejected by Warden K.A. Seibel at the second level of review on the grounds that Plaintiff "acknowledge[d] he combined multiple issues in the cancelled appeal and refused to separate them" and Plaintiff failed to comply with previous instructions to correct the appeal. Id. at 37.

### c. Interview with R. Olson

On June 19, 2014, Plaintiff was interviewed by Defendant Olson regarding his third grievance. ECF No. 57-3 at 36. In Plaintiff's Second Amended Complaint, Plaintiff alleges that during the interview, he told Defendant Olson: (1) he hadn't made any copies on the days that he had been charged; (2) even if he had, he should not have been charged for these copies because he was indigent at the time the copies were made; and that (3) all of the events were directly related and could be addressed in a single grievance requiring a single response. ECF No. 17 at 12.

Plaintiff alleges Defendant agreed Plaintiff was "right about no need to address[] each transaction on separate grievances" but that: (1) Defendant still needed to deny the request because it would look bad to reverse course; (2) Plaintiff would never win the appeal because Defendant framed the facts in his "best interests"; (3) Defendant told Plaintiff that "an inmate [] don't got nothing coming; (4) Defendant told Plaintiff that Plaintiff had filed too many grievances making Defendant work too much. Id. at 12-13.

Plaintiff alleges that Defendant's actions were "basically retaliation for filing grievances." Id. at 13.

///

///

### d. Third Level Review of Plaintiff's Third Grievance

On December 9, 2014, Plaintiff's third grievance was rejected by Captain G. Murphy at the third level of review, who found the cancellation of Plaintiff's first and second grievances "was appropriate as the appellant failed to follow the directions of the appeals office and continued to resubmit the rejected appeal." ECF No. 57-3 at 39.

## ANALYSIS

## I. Exhaustion

Defendant moves for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies with respect to his retaliation claim against Defendant.

### A. Legal Standard

#### a. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") of 1995 provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available, are exhausted.

42 U.S.C. § 1997(a).

Exhaustion is a mandatory prerequisite to filing suit in federal court. Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

In the Ninth Circuit, a motion for summary judgment is generally the appropriate vehicle for raising the plaintiff's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014). The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. Id. at 1172. If the defendant meets that burden, "the burden shifts to the prisoner to come forward with

6

15cv2300-AJB-LL

evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. at 1172. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with applicable procedural rules,'" defined by the specific prison grievance process in question. Jones, 549 U.S. at 218 (quoting Woodford, 548 U.S. at 88).

### b. The CDCR's Grievance Process

The California Department of Corrections and Rehabilitation (CDCR) provides its prisoners the right to administratively appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 Cal. Code Regs. § 3084.1(a). The inmate appeals process is limited to three levels of review with provisions allowing the first level to be bypassed under specific circumstances. See id. at § 3084.7. If a prisoner is not satisfied with the response he receives at the first level of review, he may submit his appeal to the second level of review, after which he may appeal to the third and final level. Id.

The inmate may initiate litigation in federal court "only after the administrative process ends and leaves his grievances unredressed." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

Under the CDCR's regulations:

> Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, which is incorporated by reference, and addressed through all required

7

> levels of administrative review up to and including the third level.

15 Cal. Code Regs. § 3084.1(b).

### B. Plaintiff Has Not Shown Administrative Remedies Were Effectively Unavailable To Him

In this case, the record shows Plaintiff did not exhaust his retaliation claim against Defendant before filing suit. While Plaintiff filed numerous grievances regarding the disputed debits to his prisoner trust account, none of these grievances contain allegations Defendant retaliated against him. Because Plaintiff's allegations as to the disputed debits on his trust account are a separate and distinct issue from Defendant's alleged retaliation against him, Plaintiff's grievances cannot serve to exhaust Plaintiff's retaliation claim. See 15 Cal. Code Regs. § 3084.1(b) ("Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602[.]"). See also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010); Moore v. McDonald, 2015 U.S. Dist. LEXIS 29329, at *20 (E.D. Cal. Mar. 10, 2015).

In fact, Plaintiff does not dispute he failed to exhaust his retaliation claim. See ECF No. 61 at 16 ("My response is that my failure should be excused for several reasons . . . ") (emphasis added). Instead, Plaintiff alleges he should be excused from this requirement because: (1) Defendant told him at the June 19, 2014 interview that Plaintiff would not get a response to this grievance; (2) Defendant told him that it would be better for Plaintiff not to file if he did not want to "get transferred, be put in the hole, or get hurt"; (3) Plaintiff was allegedly punched by an inmate for filing a grievance; and (4) Defendant misled Plaintiff by representing his retaliation claim would be considered exhausted once the grievances Plaintiff had already filed were resolved. See ECF No. 61 at 16-17.

The PLRA does not require exhaustion "when circumstances render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez v. Duncan, 591

F.3d 1217, 1226 (9th Cir. 2010)). To be available, a remedy must be "available 'as a practical matter'" and "'capable of use[.]'" Albino, 747 F.3d at 1171 (citations omitted).

For example, an administrative remedy may be unavailable: (1) if "it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. _, 136 S. Ct. 1850, 1859-60 (2016).

In the present case, Plaintiff has not provided any admissible evidence demonstrating his failure to exhaust should be excused. Instead, Plaintiff's arguments on exhaustion are solely in the form of unsworn statements made in his Opposition to Defendant's Motion for Summary Judgment. See Soto v. Unknown Sweetman, 882 F.3d 865, 872 (9th Cir. 2018) (finding *pro se* inmate's unsworn responses to defendant's motion for summary judgment was not competent evidence—*pro se* inmates are not "entirely release[d] . . . from any obligation to identify or submit some competent evidence[.]"); Estrella v. Brandt, 682 F.2d 814, 819-20 (9th Cir. 1982) (on summary judgment, statements in legal memoranda are not evidence and "do not create issues of fact capable of defeating an otherwise valid summary judgment"); Harris v. Shelland, 2017 U.S. Dist. LEXIS 89178, at *8 (S.D. Cal. June 9, 2017) ("[N]either an unverified complaint nor unsworn statements made in the parties' briefs can be considered as evidence at this stage.").[1]

---

[1] In his Sur-reply, Plaintiff attaches as Exhibit C a "declaration under oath" that Plaintiff alleges was meant to be included as the last page of his Opposition, but was left out by the librarian making copies at the law library. ECF No. 67 at 2, 7.

The Court notes however this declaration is dated February 22, 2019. Id. Defendant's Opposition was not served until March 18, 2019 and was not filed with the Court until March 21, 2019. Indeed, Defendant served a Motion for an Extension of Time to file his Opposition on February 22, 2019—the same day Defendant allegedly signed this last page of his completed Opposition before it was copied and sent out. See ECF Nos. 59, 67 at 2.

Even if the Court could properly consider Plaintiff's unsworn statements, Plaintiff's allegations are insufficient to raise a genuine issue of material fact precluding summary judgment. Viewing the facts in the light most favorable to Plaintiff, Plaintiff appears to allege he was intimidated or threatened into not making use of the grievance process. See ECF No. 61 at 16-17. Specifically, Plaintiff alleges:

> Here, Olson was told by me on the interview of 6-9-2014 about me filing grievance of retaliation. He responded by saying that if I filed I would not get a response [and] that he will make sure that any grievance I filed be deny. I still filed or I'll rather say I send such grievance but I didn't got a response. But I did got "punch" by a[n] inmate due to filing such claim. <u>Ever since then I stop filing.</u> I knew it had come from Olson because he told me that if I didn't want to get transferred, be put in the hole, or get hurt, it was better for me not to file.

<u>Id.</u> at 16 (emphasis added).

Such conclusory statements however do not provide a reasonable basis from which the Court can conclude Defendant engaged in conduct which actually deterred Plaintiff from submitting a grievance. In fact, the record—which shows that Plaintiff submitted multiple grievances from 2014 to 2016—suggests the opposite:

- Grievance No. 14-1630 (submitted April 28, 2014) [ECF No. 61 at 56];
- Grievance No. 14-1636 (submitted April 28, 2014) [ECF No. 61 at 95];
- Grievance No. 14-1637 (submitted April 28, 2014) [ECF No. 61 at 106];
- Grievance No. 14-2407 (submitted June 24, 2014) [ECF No. 61 at 92-93];
- Grievance No. 14-2408 (submitted June 24, 2014) (ECF No. 61 at 52-53];
- Grievance No. 14-2623 (submitted July 15, 2014) [ECF No. 61 at 49-50];
- Grievance No. 14-2625 (submitted July 15, 2014) [ECF No. 61 at 89-90];

---

Under these circumstances, the Court cannot determine with any certainty that Exhibit C is actually what Plaintiff claims it to be.

- Grievance No. 15-5389 (submitted September 15, 2015) [ECF No. 61 at 87];
- Grievance No. 16-0622 (submitted December 30, 2015) [ECF No. 61 at 47];
- Grievance No. 15-3931 (submitted October 28, 2015) [ECF No. 61 at 84-85];
- Grievance No. 16-0161 (submitted February 3, 2016) [ECF No. 61 at 103-104];
- Grievance No. 16-00995 (submitted February 3, 2016) [ECF No. 61 at 77-78];
- Grievance No. 16-01031 (submitted March 3, 2016) [ECF No. 61 at 42-43];
- Grievance No. 16-01201 (submitted March 16, 2016) [ECF No. 61 at 99];
- Grievance No. 16-1480 (submitted March 20, 2016) [ECF No. 61 at 60-61].

The multiple occasions in which Plaintiff made use of the grievance process undermines any rational conclusion that Plaintiff was deterred from properly submitting and pursuing a specific grievance.

Alternatively, Plaintiff alleges that he did submit a retaliation grievance, but that Defendant misled him into not exhausting it. Specifically, Plaintiff alleges:

> Here, before Olson threaten me about transferring, etc., he mislead me by stating that my retaliation can be consider exhausted once I take any of the 602's we were disputing then (B-14-1338). <u>This cause for me to not keep on sending the retaliation 602 after I got punch and he never answer my 602.</u>

ECF No. 61 at 16 (emphasis added). Again, these allegations are contradicted by the record. There is no evidence (beyond Plaintiff's unsworn statements) that Plaintiff ever filed a grievance relating to his retaliation claim or any evidence prison officials misled Plaintiff into not properly pursuing and then exhausting one.[2]

---

[2] The Court notes Plaintiff attached as Exhibit E to his Opposition what appears to be an unsubmitted retaliation grievance. Exhibit E however is not referenced or cited anywhere in Plaintiff's Opposition. It is therefore not clear to the Court what Plaintiff is claiming Exhibit E to be.

11

In sum, Plaintiff has failed to meet his burden to show administrative remedies were effectively unavailable to him with respect to his claims. See Green v. Dir./Sec'y, Cal. Dep't of Corr. & Rehab., 2016 U.S. Dist. LEXIS 86187, at *35 (S.D. Cal. June 10, 2016) ("To avoid summary judgment, Plaintiff cannot rest solely on conclusory allegations.") adopted by Green v. Dir./Secretary, Cal. Dep't of Corr. & Rehab., 2016 U.S. Dist. LEXIS 86179, at *1 (S.D. Cal. June 29, 2016). See also Nanez v. Daniels, 2019 U.S. Dist. LEXIS 28660, at *13-14 (W.D. Wash. Jan. 28, 2019) (unsworn, conclusory allegations insufficient to raise genuine issue of material fact that plaintiff was prevented from exercising his administrative remedies where defendants presented evidence Plaintiff had filed numerous grievances and lawsuits); Chacon v. Casas, 2019 U.S. Dist. LEXIS 37089, at *39-40 (C.D. Cal. Jan. 2, 2019) (conclusory statements "provide no reasonable basis from which to conclude [Defendant] engaged in conduct on any identifiable occasion which plaintiff subjectively perceived as a threat not to use the Grievance Process, and which actually deterred plaintiff from submitting a particular grievance or appeal[.]"); Toliver v. Benov, 2010 U.S. Dist. LEXIS 126645, at *12 (C.D. Cal. Sep. 29, 2010) (finding plaintiff's conclusory assertions were insufficient to show that defendants or other staff "frustrated his ability to grieve.").

For these reasons, the Court **RECOMMENDS** Defendant's Motion for Summary Judgment be **GRANTED** and Plaintiff's First Amended Complaint be dismissed without prejudice. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) overruled on other grounds by Albino, 747 F.3d at 1162 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."). Because the Court recommends Defendant's Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies, it does not reach the other grounds raised in Defendant's Motion.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an order: (1) approving and adopting this Report and Recommendation, (2)

granting Defendant's Motion for Summary Judgment; and (3) dismissing Plaintiff's First Amended Complaint without prejudice.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than July 12, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with this Court and served on all parties **no later than July 26, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: June 12, 2019

Honorable Linda Lopez
United States Magistrate Judge