UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, | Case No.: 15-cv-2300-AJB-LL |
| Plaintiff, | **ORDER:** |
| v. | **(1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 68);** |
| R. OLSON, | |
| Defendant. | **(2) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. No. 80);** |
| | **(3) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT (Doc. No. 79);** |
| | **(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 57); AND** |
| | **(5) DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT, WITHOUT PREJUDICE (Doc. No. 17.)** |

On June 12, 2019, Magistrate Judge Linda Lopez issued a Report and Recommendation (the "R&R") on Defendant R. Olson's ("Defendant") motion for summary judgment. (Doc. Nos. 57, 68.) On August 12, 2019, Plaintiff Raul Arellano ("Plaintiff") filed a motion for extension of time to object to the R&R. (Doc. No. 79). On August 26, 2019, before the Court ruled on the motion for extension of time, Plaintiff filed his objections to the R&R. (Doc. No. 80.) For the reasons set forth below, the Court **ADOPTS** the R&R in its entirety, (Doc. No. 68), **GRANTS** Defendant's motion for summary judgment, (Doc. No. 57), **DISMISSES** Plaintiff's Second Amended Complaint ("SAC") **WITHOUT PREJUDICE**, (Doc. No. 17), **OVERRULES** Plaintiff's objections, (Doc. No. 80), and **DENIES** Plaintiff's motion for extension of time as moot.

## BACKGROUND

This instant action arises out of events occurring at the Richard J. Donovan Correctional Facility ("RJD"). Plaintiff alleges that in January, February, and March of 2014, Plaintiff's family deposited a total of $160.00 into Plaintiff's inmate trust account. (Doc. No. 17 at 6.) Following these deposits, copy charges were subsequently deducted from Plaintiff's account each month. (*Id.*) Plaintiff filed two grievances regarding the January, February, and March 2014 copy charges debited from his account, claiming that the deductions were improper because the charges had been made when Plaintiff was indigent. (Doc. No. 68 at 3.) Defendant, an appeals coordinator at RJD, rejected both of Plaintiff's grievances on the ground that Plaintiff's appeal did not comply with the procedures for filing appeals. (*Id.* at 3–4.) Specifically, Plaintiff's appeal was rejected because the grievance involved multiple issues that did not derive from a single event. (*Id.*) Defendant eventually canceled Plaintiff's two grievances for failure to delete the allegations which took place more than 30 days before the date the appeal was submitted. (*Id.* at 4.)

Plaintiff then submitted a third grievance, protesting the cancellation of his first and second grievances. (*Id.*) On first level review of Plaintiff's third grievance, Defendant rejected the third grievance once again on the ground that the appeal contained multiple

issues. (*Id.* at 5.) Plaintiff's third grievance was also rejected on second level review on the basis that Plaintiff failed to properly separate the issues in his appeal. (*Id.*)

On June 19, 2014, Defendant interviewed Plaintiff about Plaintiff's third grievance. (*Id.*) During the interview, Plaintiff explained to Defendant that: (1) he did not make any copies on the days he had been charged the copy charges; (2) even if he had made the copies, he should not have been charged for these copies because he was indigent at the time; and (3) all of the events were directly related and could be addressed in a single grievance requiring a single response. (Doc. No. 17 at 12.) Plaintiff alleges Defendant responded that: (1) Defendant still needed to deny the request because it would "look bad to reverse course"; (2) Plaintiff would never win the appeal because Defendant framed the facts in his "best interests"; (3) Defendant told Plaintiff that "an inmate [] don't got nothing coming"; and (4) Defendant told Plaintiff that "Plaintiff had filed too many grievances making Defendant work too much." (*Id.* at 12–13.) Plaintiff maintains that this conversation with Defendant demonstrated a retaliatory motive and explained why his copy charge grievances were rejected. (Doc. No. 68 at 5.) Plaintiff's third grievance was elevated to a third level review, and was also subsequently rejected. (*Id.*)

As a result of these events, Plaintiff filed his Complaint on October 13, 2015 alleging claims under 42 U.S.C. § 1983. (Doc. No. 1.) On February 3, 2016, Plaintiff was granted leave to proceed in forma pauperis, and Plaintiff's Complaint was dismissed *sua sponte* for failure to state a claim. (Doc. No. 4.) On March 21, 2016, Plaintiff filed his First Amended Complaint. (Doc. No. 9.) Then, on May 2, 2016, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim. (Doc. No. 10.) On July 22, 2016, Plaintiff filed a Second Amended Complaint (Doc. No. 17), which was dismissed by the Court on August 22, 2016. (Doc. No. 18.) Plaintiff appealed the Court's dismissal of his Second Amended Complaint to the United States Court of Appeals for the Ninth Circuit. (Doc. No. 24.) The Ninth Circuit affirmed the Court's order with the exception of Plaintiff's retaliation claim. (Doc. No. 37.)

Subsequently, on January 24, 2019, Defendant filed a motion for summary judgment

on Plaintiff's remaining retaliation claim. (Doc. No. 57.) Plaintiff opposed the motion on March 21, 2019, and Defendant replied. (Doc. Nos. 61, 63.) On June 12, 2019, Magistrate Judge Linda Lopez issued the R&R. (Doc. No. 68.) The R&R required objections to be filed on or before July 12, 2019, and any reply to the objections be filed on or before July 26, 2019. (*Id.* at 13.) On June 24, 2019, Plaintiff requested an extension of time to file his objections to the R&R, (Doc. No. 69), which was granted, (Doc. No. 70). On August 12, 2019, Plaintiff moved the Court again for an extension of time to file his objections. (Doc. No. 79.) Before the Court ruled on Plaintiff's second motion for extension of time, Plaintiff filed his objections on August 26, 2019. (Doc. No. 80.) Defendant replied to Plaintiff's objections on September 6, 2019. (Doc. No. 81.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## DISCUSSION

The R&R recommends that the Court grant Defendant's motion for summary judgment, and dismiss Plaintiff's Second Amended Complaint, without prejudice. (Doc. No. 68.) The R&R finds that Plaintiff did not exhaust his administrative remedies before asserting his retaliation claim. (*Id.* at 8.) First, the R&R states "the record shows Plaintiff did not exhaust his retaliation claim against Defendant before filing suit. While Plaintiff filed numerous grievances regarding the disputed debits to his prisoner trust account, none

of these grievances contain allegations Defendant retaliated against him." (*Id.* at 8.) Second, the R&R also finds that Plaintiff's failure to exhaust his administrative remedies should not be excused and that "Plaintiff has not provided any admissible evidence demonstrating his failure to exhaust should be excused." (*Id.* at 9.) Specifically, the R&R points out that Plaintiff's contention that he was threatened to not file a grievance for retaliation is solely in the form of an unsworn statement made in his opposition to the motion for summary judgment. (*Id.* at 9.) The R&R states that even if the Court considered the unsworn statements, the record shows that the "multiple occasions in which Plaintiff made use of the grievance process undermines any rational conclusion that Plaintiff was deterred from properly submitting and pursuing a specific grievance" (*Id.* at 11.)

Plaintiff objects to the R&R asserting that: (1) the Magistrate Judge should have considered the unsworn declaration; (2) the Magistrate Judge made a factual error, and Plaintiff did not file grievances relating to retaliation; and (3) the Magistrate Judge "misunderstood" Plaintiff, and Plaintiff should be excused from his obligation to exhaust his administrative remedies because he was misled into thinking that his retaliation grievance was going to be heard concurrently with his copy charge grievances. (Doc. No. 80 at 3.) The Court concludes that Plaintiff's objections are without merit.

First, Plaintiff protests that his unsworn declaration in his opposition should have been considered as admissible evidence. (Doc. No. 80 at 1.) Plaintiff explains that the signature page containing his declaration that his statements were made "under the penalty of perjury" was on the last page of his opposition and therefore, inadvertently missed by the law library copy machine. (*Id.*) The Court does not find inadvertence as persuasive to excuse Plaintiff's noncompliance with rules regarding admissible evidence on a motion for summary judgment. *See Harris v. Shelland*, 2017 WL 2505287, at *4 (S.D. Cal. June 9, 2017) ("[N]either an unverified complaint nor unsworn statements made in the parties' briefs can be considered as evidence at this [summary judgment] stage."); *S.E.C. v. 3 Eagles Research & Dev. LLC*, No. 3:12-CV-01289-ST, 2014 WL 1269489, at *6 (D. Or. Mar. 26, 2014) ("However, there is no precedent for excusing pro se plaintiffs for

5

noncompliance with the substantive requirements of FRCP 56."). Accordingly, Plaintiff's unsworn declaration should not be considered, and the Court **OVERRULES** Plaintiff's objection.

Second, Plaintiff objects that the Magistrate Judge committed a factual error. (Doc. No. 80 at 2.) Plaintiff reiterates that he did not file grievances relating to his retaliation claim despite the R&R finding he had filed multiple grievances after claiming he was threatened to not use the grievance process. (*Id.*) However, Plaintiff misinterprets the R&R. The R&R does not suggest that all the grievances filed by Plaintiff related to his retaliation claim. The R&R simply points out that the multiple instances in which Plaintiff made use of the grievance process is inconsistent with any allegation that Plaintiff was "threatened" or "intimated" from submitting a grievance. (Doc. No. 68 at 11.) As such, Plaintiff's objection only further demonstrates that there is no genuine dispute as to material fact regarding his failure to exhaust administrative remedies. Thus, even if the Court accepts Plaintiff's interpretation of the R&R, Plaintiff's version of the facts only supports the conclusion that administrative remedies were available to Plaintiff, and that he failed to exhaust these remedies. *See Nanez v. Daniels*, No. C17-5663-RBL-TLF, 2019 WL 885366, at *6 (W.D. Wash. Jan. 28, 2019), report and recommendation adopted, No. C17-5663-RBL-TLF, 2019 WL 859218 (W.D. Wash. Feb. 22, 2019) (finding failure to exhaust administrative remedies when "plaintiff did in fact file numerous Kites as well as several grievances and lawsuits unrelated to the claims in his complaint"). As such, the Court **OVERRULES** Plaintiff's second objection.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff did not file a retaliation grievance. (Doc. No. 80 at 3.) Plaintiff repeats that he was misled by Defendant into not filing a retaliation grievance because he believed that if he continued to pursue his copy charge grievances, his retaliation grievance would also be concurrently resolved. (*Id.* at 3–4.) But Plaintiff also states in his objections that he did file one retaliation grievance, was "punched" for it, and never got a response. (*Id.* at 3.) The Court finds Plaintiff's account unsupported by admissible evidence, and plainly contradictory.

The purported retaliation grievance attached to Plaintiff's opposition to the motion for summary judgment, (Doc. No. 61, Ex. E), is not marked as received by any prison official, and there is no indication that it was in fact filed. Thus, Plaintiff's position that he was assaulted for filing a grievance while also asserting he never filed a grievance because he was misled by Defendant cannot be reconciled and is contradictory. Indeed, it is well-established that "[a] party opposing summary judgment 'cannot generate an issue of material fact by providing contradictory statements.'" *Gaspard v. Romero*, No. CV 16-00318-AB (JDE), 2017 WL 7000268, at *5 (C.D. Cal. Dec. 7, 2017), report and recommendation adopted, No. CV 16-00318 AB (JDE), 2018 WL 501531 (C.D. Cal. Jan. 19, 2018) (quoting *Oliver v. Keller, 289 F.3d 623*, 629 (9th Cir. 2002)). Consequently, Plaintiff's third objection is **OVERRULED**.

As such, the Court finds that aside from the disputes of fact Plaintiff himself attempts to create through contradictory statements, no disputes of fact exist that would warrant a denial of summary judgment.

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** Magistrate Judge Linda Lopez's R&R in its entirety, **OVERRULES** Plaintiff's objections, **GRANTS** Defendant's motion for summary judgment, **DENIES** Plaintiff's motion for extension of time as moot, and **DISMISSES** Plaintiff's Second Amended Complaint, **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  September 23, 2019

Hon. Anthony J. Battaglia
United States District Judge

7