UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>         Plaintiff,<br>v.<br>R. OLSON,<br>         Defendant. | Case No.: 15-cv-02300-AJB-LL<br><br>**ORDER DENYING RECONSIDERATION**<br><br>**(Doc. No. 103)** |

Presently before the Court is Plaintiff Raul Arellano's ("Plaintiff") motion to reconsider.[1] (Doc. No. 103.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

I.   **BACKGROUND**

On October 13, 2015, Plaintiff, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, filed a pro se civil action pursuant to 42 U.S.C. § 1983, alleging constitutional violations against several defendants employed at RJD. (Doc. No. 1.) Plaintiff also filed a motion to proceed *In Forma Pauperis*

---

[1] Plaintiff filed a document with the caption "Motion: Fed. R. Civ. Proc 60(b) For case to reopen because I received the last level grievance exhaustion." The Court thus construes Plaintiff's request as a motion to reconsider the Court's September 23, 2019 Order adopting the Report and Recommendation, which granted Defendant's motion for summary judgment for failure to exhaust administrative remedies and dismissed Plaintiff's Second Amended Complaint without prejudice. (Doc. No. 82.)

1

("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.) On February 3, 2016, the Court issued an order granting Plaintiff's motion to proceed IFP and *sua sponte* dismissing the entire complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (Doc. No. 4.) Plaintiff filed his First Amended Complaint on March 21, 2016, (Doc. No. 9), and on May 2, 2016, the Court *sua sponte* dismissed Plaintiff's First Amended Complaint for failure to state a claim (Doc. No. 10). On July 22, 2016, Plaintiff filed a Second Amended Complaint ("SAC"), (Doc. No. 17), which was dismissed by the Court on August 22, 2016, (Doc. No. 18).

On December 1, 2016, Plaintiff appealed the Court's dismissal of his SAC to the United States Court of Appeals for the Ninth Circuit. (Doc. No. 24.) On February 20, 2018, the Ninth Circuit affirmed the Court's order with the exception of Plaintiff's retaliation claim. (Doc. No. 37.)

Thereafter, on January 24, 2019, Defendant R. Olson filed a motion for summary judgment on Plaintiff's remaining retaliation claim. (Doc. No. 57.) On June 12, 2019, Magistrate Judge Linda Lopez issued the Report and Recommendation ("R&R"), (Doc. No. 68), which was adopted by the Court on September 23, 2019, (Doc. No. 82). The order adopting the R&R granted Defendant's motion for summary judgment and dismissed Plaintiff's SAC without prejudice. On November 12, 2019, the Court clarified by order that Plaintiff's SAC "is dismissed without leave to amend, and without prejudice to filing a new action once administrative remedies have indeed been exhausted." (Doc. No. 91.) Subsequently, on October 18, 2019, Plaintiff appealed the Court's order adopting the R&R to the Ninth Circuit. (Doc. No. 88.) On June 3, 2021, the Ninth Circuit affirmed the Court's order. (Doc. No. 101.) The instant motion follows.

## II. LEGAL STANDARD

Where the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based upon Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment) of the Federal Rules of Civil Procedure. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Absent "highly

unusual circumstances," reconsideration of a final judgment or order is appropriate only where (1) the Court is presented with newly-discovered evidence, (2) the Court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. *Id.* at 1263. A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). It cannot be used to ask a court to rethink what it has already thought, merely because a party disagrees with the court's decision. *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Az. 1998).

In addition, Local Civil Rule 7.1(i)(1) states that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part. . . ." The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

### III.   DISCUSSION

Plaintiff requests the court to reopen his case because he allegedly exhausted his administrative remedies. However, Plaintiff's motion fails to establish any of the three prongs that would entitle him to reconsideration. The Court granted Defendant's motion for summary judgment for failure to exhaust administrative remedies, and Plaintiff's SAC was dismissed without prejudice to filing a new action once administrative remedies had been exhausted. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. However, Plaintiff is reminded he can file a new action if administrative remedies have indeed been exhausted.

///
///
///
///

## IV. CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is **DENIED**. The Court's previous order dismissing Plaintiff's SAC without prejudice still stands.

**IT IS SO ORDERED.**

Dated: November 17, 2021

Hon. Anthony J. Battaglia
United States District Judge